IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEXGRINNELL LP, a Delaware limited partnership, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIEMENS BUILDING TECHNOLOGIES, INC., and TURNER SECURITY SYSTEMS, INC., )<br>)<br>Defendants. )<br>_____ )<br>)<br>AND RELATED CROSS ACTIONS )<br>_____ ) | CIV- F-05-1443 AWI SMS<br><br>ORDER CLOSING THE CASE DUE TO VOLUNTARY DISMISSAL WITH PREJUDICE |

    On January 30, 2007, the parties filed a stipulation of voluntary dismissal with prejudice of this entire matter, including cross and counter claims, pursuant to Federal Rule of Civil Procedure 41(a)(1).  The stipulation further states that the parties have agreed to dissolve the Preliminary Injunction entered on February 7, 2006, and have agreed to waive all claims for costs and fees associated with the preliminary injunction, including claims against the surety Federal Insurance Company.  The stipulation further states that the parties agree that the undertaking by Federal Insurance Company be released.

    Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of

1     the United States or of any state an action based on or including the same claim.

2 Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an

3 answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

4 although an oral stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan

5 Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir.

6 1986).  Once the stipulation between the parties who have appeared is properly filed or made in

7 open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.

8 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule

9 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and

10 does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.

11 A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,

12 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,

13 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)

14 (addressing Rule 41(a)(1)(i) dismissals).  "The plaintiff may dismiss some or all of the

15 defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal

16 "automatically terminates the action as to the defendants who are the subjects of the notice."

17 Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

18     Because the parties have filed a stipulation for dismissal of this case with prejudice under

19 Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has

20 terminated.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at

21 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf.

22 Wilson, 111 F.3d at 692.

23     Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to CLOSE this case in

24 light of the filed and properly signed Rule 41(a)(1)(ii) Stipulation Of Dismissal With Prejudice.

25 IT IS SO ORDERED.

26 **Dated:   February 1, 2007**              **/s/ Anthony W. Ishii**
    0m8i78                                    UNITED STATES DISTRICT JUDGE

27

28                               2